IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01327

**BRIDGETTE MARLOW**, on behalf of herself and all similarly situated persons,
Plaintiff,

v.

**THE NEW FOOD GUY, INC.**, and
**BRETT TUCKER**,

Defendants.

_____

**ORDER ON DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS**
_____

**Kane, J.**

Plaintiff filed a complaint and then an amended complaint bringing claims of her own and on behalf of others similarly situated as a collective action under Sec. 216(b) of the Fair Labor Standards Act (FLSA) and a F.R.Civ.P. 23 class action for the remaining three claims under the Colorado Wage Claim Act and a common law breach of contract claim. In her response to Defendants' motions, Plaintiff withdrew the breach of contract claim and no longer requests the exercise of jurisdiction on the state statutory claims as supplemental to the FLSA claim. Because I am granting the Defendants' Motion For Judgment on the Pleadings (Doc. 31), I need not rule on the alternative Motion for Summary Judgment. Further, the three supplemental claims are no longer pending because they have been withdrawn and no prejudice attaches to them. This civil action is therefore dismissed.

The following facts are undisputed: 1. The New Food Guy, Inc. operates a catering business in Lakewood, Colorado under the name Relish Catering (hereafter referred to only as Relish or Relish Catering) and Brett Tucker is one of its owners. 2. Bridgette Marlow worked

part-time for Relish for three months in 2013 and for six months in 2014. 3. Throughout her employment Relish paid Marlow a regular hourly wage of $12.00 per hour and an overtime rate of time and one-half or, more precisely stated, $18.00 per hour.

A Motion for Judgment on the Pleadings applies to cases where material facts are not in dispute and judgment on the merits can be rendered based on the content of the pleadings. Courts are also authorized to take judicial notice of other facts, but that provision has no application to this order. The nearly ubiquitous rule of pleading applies that all well-pleaded material allegations of the opposing party's pleadings are taken as true, and all of the moving party's allegations denied by the opposing party are taken as false. Judgment on the Pleadings may enter only if, on the facts so undisputed, the moving party is clearly entitled to judgment. In other words, the same standards apply to the instant motion as apply in motions to dismiss pursuant to F.R. Civ. P. 12(b)(6). Conclusory allegations and claims facially implausible are neither accepted nor considered.

Section 6(a) of the FLSA states the general rule that employers must pay employees at least the full minimum wage. Section 3(m) furnishes an exception to that rule in authorizing an employer to take a tip credit <u>against the minimum wage</u> under certain circumstances and thereby <u>pay less in direct wages than the minimum wage</u>. Such has never happened in this case under any circumstance. On the contrary, the Plaintiff was paid more than the minimum wage without regard to any tips. This amount exceeds the federal minimum wage and satisfies Section 203(m). Though the Colorado minimum wage of $8.00 per hour is no longer at issue because the claim has been withdrawn, the same thing occurs: Plaintiff was paid $12.00 per hour. Thus, the requirements of the FLSA are satisfied. Under the Act, there is no free-standing right to lost

"tip" wages.  Only if the employer applies the sum of tips as a credit against the minimum wage can a statutory claim under Section203(m) be permitted.

The purpose of the FLSA is to protect wage earners from being paid below a fixed minimum and from oppressive working hours.  When an employer pays well above the minimum wage and time and one-half for overtime without deducting or "crediting" wages for tips received, no violation occurs.  Therefore, the Motion for Judgment on the Pleadings (Doc. 31) is **GRANTED**.  Judgment of dismissal shall enter.  Each party to pay its own costs.

Dated:  February 17, 2016         *s/ John L. Kane*
                                  Senior U.S. District Judge